NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3032

ROGER S. WHITWORTH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Roger S. Whitworth, of Chicago, Illinois, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3032

ROGER S. WHITWORTH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0432990030-I-1.

_____

DECIDED:  March 7, 2008

_____

Before GAJARSA, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Roger S. Whitworth appeals the final decision of the Merit Systems Protection Board ("Board") dismissing as untimely his petition for review of an initial decision dismissing his appeal from a removal action pursuant to the terms of a settlement agreement.  Because we find that the Board did not err in determining that Mr. Whitworth failed to show good cause for the delay in filing his petition, we <u>affirm</u>.

BACKGROUND

On October 13, 1998, Mr. Whitworth appealed a United States Customs decision removing him for unacceptable work performance.  On December 11, 1998, the parties

entered into a settlement agreement that fully resolved matters raised by the appeal. In the agreement, Mr. Whitworth agreed to withdraw his appeal, and Customs agreed both to pay Mr. Whitworth a lump sum and to change its records to indicate that Mr. Whitworth retired on the date he was removed.

After receiving the settlement agreement, the Board dismissed Mr. Whitworth's appeal. Whitworth v. Dep't of the Treasury, No. CH0432990030-I-1 (M.S.P.B. Jan. 4, 1999). In the initial decision, the administrative judge found: (1) the settlement agreement is lawful on its face, (2) the parties understood its terms, and (3) the parties freely entered into the agreement. Id., slip op. at 2. In a paragraph entitled "Notice to Appellant," the initial decision explained Mr. Whitworth's rights to petition for review with the Board and to appeal the decision to this court. Id., slip op. at 2-3. Specifically, this paragraph stated that Mr. Whitworth could file such a petition if he believed "that the settlement agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." Id., slip op. at 3. Mr. Whitworth did not petition or appeal the initial decision within the specified time period, and it became final on February 8, 1999. Id., slip op. at 2.

After receiving correspondence from Mr. Whitworth that expressed dissatisfaction with the resolution of his case during 2006 and 2007, the Clerk of the Board notified Mr. Whitworth that a letter mailed in March 2007 would be treated as a petition for review of the initial decision. This letter explained that Mr. Whitworth's petition was not timely filed and, thus, requires additional information showing "good cause" for the delay. When an applicant files an untimely petition, the Board requires the applicant to file a motion to accept the filing as timely and/or waive the time limit for good cause. The

letter described the requirements, included a form for this motion, and required a response by May 7, 2007.  Mr. Whitworth timely complied.

On August 21, 2007, the Board issued an opinion dismissing Mr. Whitworth's petition for review as untimely filed because the Board found no showing of good cause for his delay.  <u>Whitworth v. Dep't of the Treasury</u>, No. CH0432990030-I-1 (M.S.P.B. Aug. 21, 2007).  In reaching its decision, the Board weighed various factors—Mr. Whitworth's pro se status, the lengthy eight year delay in filing his petition for review, and the clear notice of time requirements in the initial decision.  <u>Id.</u>, slip op. at 3.  After considering the information provided by Mr. Whitworth's motion, the Board found that Mr. Whitworth failed to establish good cause for his delay.  <u>Id.</u>, slip op. at 4.  Mr. Whitworth timely appealed to this court.

## DISCUSSION

This court has jurisdiction to review a final decision or order by the Board.  5 U.S.C. § 7703(b)(1).  However, our scope of review is limited.  Specifically, we must affirm the decision by the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); <u>Walls v. Merit Sys. Prot. Bd.</u>, 29 F.3d 1578, 1581 (Fed. Cir. 1994).  In cases such as this where the issue is timeliness of filing, our review "is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law." <u>Phillips v. U.S. Postal Serv.</u>, 695 F.2d 1389, 1390 (Fed. Cir. 1982) (footnote omitted).

The burden is on Mr. Whitworth to show that the delay in filing his petition was excusable. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). In the motion to waive the time limit for good cause, Mr. Whitworth provided two possible grounds for "good cause." Mr. Whitworth states:

> I was able to file this present petition after going through many days and nights of discomfort. . . .
> I'll just mention 2 of my illnesses, one a heart condition CHF requiring a defibrillator/pacemaker implant; and arthritis at various locations. Contributory to these was no doubt what had occurred.

An illness can excuse an untimely filing when an appellant satisfies the three Lacy criteria. Lacy v. Dep't of the Navy, 78 M.S.P.R. 434 (1998). To establish that an illness excuses an untimely filing, an appellant must: "(1) Identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time." Id. at 437. While the three requirements were clearly specified at the bottom of Mr. Whitworth's motion form, Mr. Whitworth's statement fails to provide any of the required information. Thus, Mr. Whitworth has not shown that his medical conditions establish good cause for his untimeliness.

Mr. Whitworth's other assertions (e.g., the settlement agreement was coerced, the initial decision was unduly delayed, agency officials acted improperly towards him, supplementing his petition in five days was frustrating and unreasonable) are not relevant to the timeliness of his petition for review. Although these statements may address the merits, our only inquiry is whether the Board's decision denying "good cause" for an eight year delay was arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law. We find that the Board did not abuse its discretion.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

## COSTS

Each party shall bear its own costs.