# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE W. LINARES-ROSADO,
             Appellant,

      v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
NY-4324-08-0348-B-1

DATE: April 14, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jose W. Linares-Rosado</u>, Luguillo, Puerto Rico, pro se.

<u>Krista M. Irons</u>, Esquire, New York, New York, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal alleging a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301‑4335) (USERRA). For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 The appellant filed an appeal with the Board challenging the U.S. Postal Service's decision to rescind a conditional job offer after finding him medically unsuitable for the position of City Carrier. *Linares-Rosado v. U.S. Postal Service*, 112 M.S.P.R. 599, ¶ 2 (2009). The regional office therein docketed the appeal under three separate docket numbers based on the alleged wrongdoing: (1) MSPB Docket No. NY-3443-08-0345-I-1 (challenging the agency's conclusion that the appellant was medically unsuitable for the position); (2) MSPB Docket No. NY-3330-08-0346-I-1 (challenging the agency's decision under the Veterans Employment Opportunities Act of 1998 (VEOA)); and (3) the instant appeal, MSPB Docket No. NY-4324-08-0348-I-1 (challenging the agency's action under USERRA). *Id.*, ¶ 1 n.1. The administrative judge summarily dismissed all three appeals as withdrawn based upon a settlement agreement. *Linares-Rosado v. U.S. Postal Service*, MSPB Docket No. NY-4324-08-0348-I-1, Initial Appeal File (IAF), Tab 5, Initial Decision at 1-2; *Linares-Rosado*, 112 M.S.P.R. 599, ¶ 2. The Board subsequently vacated the initial decisions and remanded the appeals separately. *Linares-Rosado v. U.S. Postal Service*, MSPB Docket No. NY-4324-08-0348-B-1, Remand File (RF), Tab 1; *see Linares‑Rosado*, 112 M.S.P.R. 599, ¶ 17.

¶3 On remand, the administrative judge informed the appellant of how to establish jurisdiction over his USERRA appeal. RF, Tab 5 at 2-4. After the parties responded on the jurisdictional issue, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. RF, Tabs 6-7, Tab 9, Remand Initial Decision (RID) at 1-2. Specifically, the administrative judge found that the appellant failed to nonfrivolously allege that his performance of duty in a uniformed service was a substantial or motivating factor in the loss of

a benefit of employment. RID at 5-6. The remand initial decision was dated February 2, 2010, and gave a finality date of March 9, 2010. RID at 1, 6. On March 4, 2010, the administrative judge issued an Erratum correcting the date of issuance to March 2, 2010, and informing the appellant that the initial decision would become final on April 6, 2010, unless a petition for review was filed by that date. RF, Tab 10.

¶4    The appellant filed a petition for review of the initial decision on June 12, 2021. *Linares-Rosado v. U.S. Postal Service*, MSPB Docket No. NY-4324-08-0348-B-1, Remand Petition for Review (RPFR) File, Tab 3.[2] The agency has responded to his petition for review, and the appellant has replied to its response. RPFR File, Tabs 6, 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's petition for review is untimely filed without good cause shown for the delay in filing.</u>

¶5    A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *Hawley v. Social Security Administration*, 108 M.S.P.R. 587, ¶ 4 (2008); 5 C.F.R. § 1201.114(e). The appellant claims that he did not receive any communications from the agency or the administrative judge after December 28, 2009. RPFR File, Tab 3 at 21. The record reflects that the New York Field Office served the initial decision on

---

[2] The appellant initially filed a submission on May 4, 2021. RPFR, Tab 1. After the Acting Clerk of the Board informed the appellant that his submission did not comply with the Board's regulations and would not be processed as a petition for review, he submitted a perfected petition for review. RPFR File, Tab 2 at 1-2, Tab 3. Thereafter, the Acting Clerk of the Board issued a notice properly acknowledging June 12, 2021, as the filing date of the appellant's petition for review. RPFR, Tab 4; *see Robinson v. Office of Personnel Management*, 56 M.S.P.R. 325, 328 (addressing the timeliness of the appellant's perfected petition for review), *aff'd*, 5 F.3d 1505 (Fed. Cir. 1993).

the appellant by U.S. mail on March 2, 2010. RF, Tab 10.[3] Further, the appellant's pleading addressing the timeliness of his petition for review explicitly describes the administrative judge's March 4, 2010 Erratum and its reference to the February 2, 2010 initial decision and the April 6, 2010 finality date. RPFR, Tab 3 at 20-21. In these circumstances, we find that the appellant has failed to rebut the presumption of due delivery and receipt of the initial decision. *See Blue v. U.S. Postal Service*, 65 M.S.P.R. 370, 374-75 (1994), *aff'd*, 65 F.3d 188 (Fed. Cir. 1995) (Table). We find that, to be timely, the appellant's petition for review should have been filed by April 6, 2010. RF, Tab 11. The appellant filed his petition for review on June 12, 2021. RPFR File, Tab 1 at 2. Accordingly, his petition for review is untimely filed by over 11 years.

¶6      The Board will waive the time limit for filing a petition for review upon a showing of good cause for the delay in filing. *Hawley*, 108 M.S.P.R. 587, ¶ 4; 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Hawley*, 108 M.S.P.R. 587, ¶ 4. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

---

[3] The certificate of service reflects that it was mailed to the same address as the administrative judge's jurisdictional order, which the appellant received. RF, Tab 5 at 9, Tab 6 at 1, Tab 10 at 2. It is also the same address the appellant used on his petition for review. RPFR File, Tab 3 at 26.

¶7     The appellant argues that good cause exists for his untimely filed petition for review because he has been waiting for the agency representative to submit all of the evidence and documents used in his appeal.  RPFR File, Tab 3 at 1-4. He further asserts that he has been requesting that the administrative judge order the agency to present such evidence and documents, and he has been waiting on a response from the administrative judge.  *Id.* at 2, 4.  Finally, he claims that he has been requesting that the administrative judge exclude the agency's former representative[4] from the case due to an alleged conflict of interest, and he has similarly been waiting on a response from the administrative judge on this issue. *Id*. at 2.  We find that he has failed to present good cause for waiver of the deadline to file.

¶8     Although the appellant is pro se, his over 11-year delay in filing is lengthy and militates against waiving the filing deadline.  *See Whitworth v. Department of the Treasury*, 106 M.S.P.R. 401, ¶ 7 (2007), *aff'd*, 268 F. App'x 962 (Fed. Cir. 2008).  Furthermore, his assertion that he was waiting on documents from the agency and responses from the administrative judge do not establish good cause for a waiver of the filing deadline.  Indeed, he has not explained his attempts to obtain these documents or why he could not have submitted his petition for review without them.  *See Schuringa v. Department of the Treasury*, 106 M.S.P.R. 1, ¶ 8 (2007); *Benroth v. Department of the Army*, 79 M.S.P.R. 15, ¶ 6 (1998).  Of note, the record does not contain any discovery requests or motions seeking to compel discovery by the appellant.  Moreover, despite the appellant's claims to the contrary, the agency did respond with evidence and argument on the USERRA jurisdictional issue.  RF, Tab 7.  Nonetheless, regardless of whether the appellant submitted any requests for evidence, he has

---

[4] On June 22, 2021, the agency deactivated that representative and designated a new agency representative in this appeal.  RPFR File, Tab 5.

not demonstrated how his alleged requests, or the absence of any responses, affected his ability to timely file his petition for review. *See Benroth*, 79 M.S.P.R. 15, ¶ 6 (finding no good cause when an appellant failed to explain why he could not have timely submitted a petition for review without certain documents). Even if the agency improperly failed to submit evidence and the administrative judge failed to respond to the appellant's requests, he has not explained how this prevented him from raising these issues following issuance of the initial decision in a timely petition for review. We have reviewed the appellant's remaining arguments, many of which pertain to the merits of the appeal and alleged error by the administrative judge; however, we find that the appellant has not explained how he was prevented from raising any of these arguments in a timely petition for review. We conclude that the appellant did not exercise due diligence or ordinary prudence as would excuse his substantial, 11-year delay.

¶9        Accordingly, we dismiss the petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the USERRA jurisdictional issue.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.